UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DALILAH AGIZA, SUI JURIS,

    *Plaintiff*,

v.                                    **Case No. 5:25-CV-01239-JKP**

CESAR GARCIA, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY AS
JUDGE OF COUNTY COURT AT
LAW NO. 10, ROBERT VASQUEZ, IN
HIS OFFICIAL AND INDIVIDUAL
CAPACITY AS JUSTICE OF THE
PEACE, PRECINCT 2, PLACE 1,
CONSTABLES OF PRECINCT 2,
BEXAR COUNTY, IN THEIR OFFI-
CIAL AND INDIVIDUAL CAPACI-
TIES, MANUEL ESCOBAR, JR. IN
HIS INDIVIDUAL AND PROFES-
SIONAL CAPACITY, JANET MOY, IN
HER INDIVIDUAL CAPACITY, JIM-
MY MOY, IN HIS INDIVIDUAL CA-
PACITY,  BEXAR COUNTY, TEXAS,
A MUNICIPAL ENTITY,  CLERKS OF
COUNTY COURT 10, NAMES PRES-
ENTLY UNKNOWN, IN THEIR OF-
FICIAL AND INDIVIDUAL CAPACI-
TIES,

    *Defendants*.

## O R D E R

    Before the Court is Plaintiff's Motion to Vacate and Reinstate Case. *ECF No. 13*. It ap-

pears a duplicate of this Motion has also been filed. *ECF No. 14*. Upon consideration, the Court

will grant Plaintiff's Motion to Vacate and Reinstate Case, (*ECF No. 13*), and will moot the du-

plicate of this Motion, (*ECF No. 14*).

**LEGAL STANDARD**

The Court evaluates a motion seeking reinstatement of a case or relief from judgment either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). The Court determines the applicable rule based on the time of filing. *Id.* If the movant filed the motion within twenty-eight days after the entry of judgment, the Court analyzes it under Rule 59(e), and if the movant filed the motion outside of that time, the Court analyzes it under Rule 60(b). *Id.* Because Plaintiff filed her Motion to Vacate and Reinstate Case three (3) days after the Court's March 30, 2026, dismissal of her case, the Court considers the motion under Rule 59(e).[1]

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.*

When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

---

[1] *E.g.*, *Emmett v. Dir., Texas Dep't of Crim. Just., Corr. Institutions Div.*, No. 3:21-CV-01581, 2022 WL 379951 (N.D. Tex. Jan. 24, 2022), *R. & R. adopted sub nom. Emmett v. Dir., TDCJ-CID*, No. 3:21-CV-01581, 2022 WL 378198 (N.D. Tex. Feb. 8, 2022).

**DISCUSSION**

Plaintiff, proceeding *pro se*, filed the instant suit against Defendants on October 1, 2025. *ECF No. 1*. On February 19, 2026, the Court ordered that within thirty (30) days Plaintiff shall either pay the requisite filing fee or submit an application to proceed *in forma pauperis*. *ECF No. 9*. Because Plaintiff failed to comply, On March 30, 2026, the Court dismissed this case.

Now before the Court is Plaintiff's Motion to Vacate and Reinstate Case, (*ECF No. 13*). The Motion does not implicate either an intervening change in law or the availability of new evidence, but it does implicate a manifest error of fact. Per Plaintiff, "Plaintiff did not ignore the Court's Order. On February 23, 2026—only four days after the Order was issued—Plaintiff mailed the required documentation to the Clerk's Office." *ECF No. 13 at 2*. Plaintiff attached to the Motion a Cover Letter and AO Form 240 dated February 23, 2026. *Id*. at 6–8. Plaintiff also attached a USPS tracking number, 9405536207705280155530, indicating the documents were mailed but ultimately returned to sender. *Id*. at 5. Because it appears Petitioner is attempting to comply with the Court's Order, the balance tips in favor of consideration of the need to render a decision on the merits of the case. As such, the Court's Order dismissing this case under Fed. R. Civ. P. 41(b) will be vacated.

Plaintiff is **ADVISED** to participate in electronic filing and obtain the ability to file documents free and view/download a free copy of anything filed in this case. The Court wishes to clarify that there is no charge to participate in electronic filing or to review orders and other documents filed in a case if you are a party to that case. The Court will send an email to all registered e-filer parties in a case with a link to view and download any document filed in the case. The Court will issue a separate order addressing the steps to take to participate in the Court's electronic filing system.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Vacate and Reinstate Case, (*ECF No. 13*), and **MOOTS** the duplicate of this Motion, (*ECF No. 14*). The Court's March 30, 2026, Order dismissing this case without prejudice is **VACATED**. The Court **DIRECTS** the Clerk of Court to **RE-OPEN** this case.

Plaintiff is **ORDERED** that within thirty (30) days of receipt of this Order Plaintiff shall either pay the requisite filing fee or submit a new, complete application to proceed *in forma pauperis*. Failure to comply with this Order may result in the dismissal of this lawsuit.

**The Court further DIRECTS the Clerk of Court is DIRECTED to mail, via certified mail with return receipt requested, a copy of this Order to:**

1) Dalilah AGiza, P.O. Box 1394, Castroville, Texas 78009.

**The Clerk of Court is FURTHER DIRECTED to email a copy of this Order to:**

1.  agizaestateinfo@gmail.com; and

2.  dagiza1@gmail.com

It is so ORDERED.
SIGNED this 26th day of April, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE