**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**DALILAH AGIZA, SUI JURIS,**

***Plaintiff*,**

**v.** **Case No. 5:25-CV-01239-JKP**

**CESAR GARCIA, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS JUDGE OF COUNTY COURT AT LAW NO. 10, ROBERT VASQUEZ, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS JUSTICE OF THE PEACE, PRECINCT 2, PLACE 1, CONSTABLES OF PRECINCT 2, BEXAR COUNTY, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES, MANUEL ESCOBAR, JR. IN HIS INDIVIDUAL AND PROFESSIONAL CAPACITY, JANET MOY, IN HER INDIVIDUAL CAPACITY, JIMMY MOY, IN HIS INDIVIDUAL CAPACITY, BEXAR COUNTY, TEXAS, A MUNICIPAL ENTITY, CLERKS OF COUNTY COURT 10, NAMES PRESENTLY UNKNOWN, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES,**

***Defendants*.**

**O R D E R**

Before the Court is Plaintiff Dalilah AGiza's (1) Objections to Magistrate Judge Richard B. Farrer's July 27, 2026, Order, (*ECF No. 29*), and (2) Emergency Motion to Stay Magistrate Judge's 30-Day Deadline Pending Rule 72(a) Review, (*ECF No. 30*). Upon careful review, the Court will overrule Plaintiff's Objections and grant Plaintiff's Motion, (*ECF No. 30*).

The Court will provide Plaintiff a **final** opportunity to either pay the filing fee in this matter or file a properly supported application to proceed IFP.

## LEGAL STANDARD

A magistrate judge's determination regarding a nondispositive matter is reviewed under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) ("[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law."). This deferential standard requires the court to affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see* Fed. R. Civ. P. 72(a).

## DISCUSSION

In Plaintiff's Objections, (*ECF No. 29*), Plaintiff requests the Court review Judge Farrer's July 27, 2026, Order, (*ECF No. 28*), denying Plaintiff's Application to Proceed IFP, (*ECF No. 13*), and Motion for Recusal, (*ECF No. 26*). Plaintiff further requests Judge Farrer be mandatorily recused from this matter. *ECF No. 29* at 6.

### I. Plaintiff's Objections

#### A. Denial of Application to Proceed IFP, (*ECF No. 13*)

When evaluating a request to proceed IFP, a court must examine the financial condition of the applicant to determine whether the payment of fees would cause an "undue financial hardship." *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (citation omitted). Such an examination "entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id*. A district court exercises discretion in

determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam).

On February 19, 2026, the Undersigned ordered Plaintiff to either pay the requisite filing fee or submit an application to proceed IFP within 30 days. *ECF No. 9*. After Plaintiff failed to do so, the Court dismissed this case without prejudice. *ECF No. 11*. Plaintiff subsequently filed a Motion to Vacate and Reinstate the case, attaching a new Application to Proceed IFP, (*see ECF No. 13*), the denial of which is the subject of this appeal.

On April 26, 2026, the Court reinstated this case because it appeared Plaintiff was attempting to comply with the Court's Order. *See id.*; *ECF No. 15*. The Undersigned again ordered Plaintiff to either pay the requisite filing fee or submit an application to proceed IFP within 30 days. *Id*. Again Plaintiff failed to do so, although Plaintiff filed an "Amended Verified Complaint" on May, 12, 2026. *ECF No. 20*.

On July 27, 2026, Judge Farrer denied Plaintiff's Application to Proceed IFP, (*ECF No. 13*), because it "doesn't specify the amount Plaintiff receives in Veteran Affairs benefits and child support, despite the Application's instruction that Plaintiff should 'state the amount . . . received' for any sources or income." *ECF No. 28* at 3.

Upon review, the Court agrees with Judge Farrer's conclusion, finding Plaintiff's Application to Proceed IFP, (*ECF No. 13*), contains no dollar amounts relating to the "VA disability compensation" and "Child support" Plaintiff claims to receive. It therefore cannot be said that Judge Farrer's ruling is clearly erroneous or contrary to law.

Plaintiff's Objections in this regard are thus **OVERRULED**.

**B. Denial of Motion for Recusal, (*ECF No. 26*)**

Section 455 of Title 28 of the United States Code directs a judge to disqualify himself or herself "in any proceeding in which [his or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Certain specific circumstances require that the judge recuse, including where the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The standard for determining whether a judge should recuse based on Section 455 is "whether a reasonable person, with full knowledge of all the circumstances, would harbor doubts about the judge's impartiality." *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999) (quoting *Vieux Carre Property Owners, Residents, and Assocs., Inc. v. Brown*, 948 F. 2d 1436, 1448 (5th Cir. 1991)).

Judicial rulings, courtroom administration efforts, and ordinary admonishments to counsel and to witnesses are not valid bases for motions to recuse for personal bias or prejudice. *See Liteky v. United States*, 114 S. Ct. 1147, 1157 (1994) ("A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune [from establishing a bias]."); *see also Raborn v. Inpatient Mgmt. Partners Inc.*, 352 Fed. Appx. 881, 884 (5th Cir. 2009) (unpublished) (quoting *Liteky*, 114 S. Ct. at 1157, as stating that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible"). "A motion to disqualify brought under 28 U.S.C. § 455 is 'committed to the sound discretion of the district judge,'" and the Fifth Circuit reviews for abuse of discretion. *Bey v. Prator*, 53 F.4th 854 (5th Cir. 2022).

Reviewing Plaintiff's Objections to Judge Farrer's denial of Plaintiff's Motion for Recusal, (*ECF No. 26*), leads the Undersigned to conclude the actions of which Plaintiff com-

plains are judicial in nature, rather than personal. Plaintiff has failed to set forth sufficient facts to cause a well-informed, thoughtful and objective observer to question the court's impartiality. Plaintiff's disagreement over legal rulings is not a ground for recusal. *See Liteky*, 114 S. Ct. at 1157 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). It therefore cannot be said that Judge Farrer's ruling is clearly erroneous or contrary to law.

Plaintiff's Objections in this regard are thus also **OVERRULED**.

## II. Emergency Motion to Stay Magistrate Judge's 30-Day Deadline Pending Rule 72(a) Review, (*ECF No. 30*)

On July 27, 2026, when Judge Farrer denied Plaintiff's Application to Proceed IFP, (*ECF No. 13*), he again ordered Plaintiff to either pay the requisite filing fee or submit an application to proceed IFP within 30 days. *ECF No. 28* at 6. In Plaintiff's Emergency Motion to Stay Magistrate Judge's 30-Day Deadline Pending Rule 72(a) Review, (*ECF No. 30*), Plaintiff requested this deadline be stayed while the Undersigned reviewed Judge Farrer's July 27, 2026, Order.

Giving Plaintiff every benefit of the doubt, the Court will grant this Motion and provide Plaintiff a **final** opportunity to either pay the filing fee in this matter or file a properly supported application to proceed IFP. The Court notes for Plaintiff its limited judicial resources are not well spent on issues such as these. **Plaintiff shall either pay the filing fee in this matter or file a properly supported application to proceed IFP, as she has repeatedly been ordered to do, or this case will be dismissed.**

## CONCLUSION

Accordingly, for the foregoing reasons, the Court will overrule Plaintiff's Objections, (*ECF No. 29*), and **GRANT** Plaintiff's Emergency Motion to Stay Magistrate Judge's 30-Day Deadline Pending Rule 72(a) Review, (*ECF No. 30*).

Plaintiff shall either pay the filing fee in this matter or file a properly supported Application to Proceed IFP **no later than September 18, 2026**.

It is SO ORDERED.
SIGNED this 28th day of August, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE