IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DALILAH AGIZA, SUI JURIS, *Plaintiff,* | § | 5:25-CV-01239-JKP-RBF |
| vs. | § | |
| CESAR GARCIA, ET AL., *Defendants.* | § | |

**REPORT AND RECOMMENDATION**
**OF A UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the above-referenced case and pro se Plaintiff Dalilah AGiza's Amended Application to Proceed in District Court without Prepaying Fees or Costs. *See* Dkt. No. 32. The District Judge referred all nondispositive pretrial matters for resolution by the Magistrate Judge, pursuant to Rule CV-72 and Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 18. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, Plaintiff AGiza's Amended Motion to Proceed *in Forma Pauperis*, Dkt. No. 32, should be **DENIED**. The information provided does not reflect that payment of costs and fees in this case would cause an undue hardship. Plaintiff AGiza's case should be **DISMISSED WITHOUT PREJUDICE** for failure to follow a Court order, Fed. R. Civ. P. 16(f), and failure to comply with the filing-fee requirement, 28 U.S.C. § 1914(a).

**Factual and Procedural Background**

Pro se Plaintiff Dalilah AGiza filed her original proposed civil Complaint on October 1, 2025, without paying the filing fee. *See* Dkt. No. 1. On February 19, 2026, the District Judge ordered that within 30 days Plaintiff either pay the requisite filing fee or submit an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 9. Plaintiff failed to comply with the February 19 Order. Accordingly, on March 30, 2026, the District Judge dismissed the case. *See* Dkt. No. 11.

Then on April 2, 2026, Plaintiff filed a Motion to Vacate and Reinstate Case. *See* Dkt. No. 13. Included therein was an Application to Proceed IFP. *See id.* at 7. The District Judge granted the Motion to Vacate on April 26 thereby vacating its prior Order of dismissal. *See* Dkt. No. 15. The District Judge then referred the case to the Magistrate Judge for all nondispositive pretrial matters. *See* Dkt. No. 18.

Plaintiff thereafter on June 11, 2026, filed a Motion for Recusal and Disqualification, requesting that the Magistrate Judge be recused and that the District Judge withdraw the referral to the Magistrate Judge. *See* Dkt. No. 26. The Court, on July 27, 2026, denied the Motion for Recusal. *See* Dkt. No. 28. Therein, the Court also addressed Plaintiff's IFP Application. *See id.*; *see also* Dkt. No. 13 at 7.

Plaintiff's original IFP Application declares under penalty of perjury that Plaintiff's only source of income includes Veteran Affairs benefits and child support. *See* Dkt. No. 13 at 7. Plaintiff contends that these funds are deposited directly into trusts to be used for household and child-related expenses only. *See id*. But the Application doesn't specify the amount Plaintiff receives in Veteran Affairs benefits and child support, despite the Application's instruction that Plaintiff should "state the amount . . . received" for any sources of income. *See id*. The Application also indicates that Plaintiff's monthly expenses—including utilities, transportation, and medical

expenses—total $2,050.00. *Id*. at 8 The Application further lists a monthly expense of $400.00 for "[o]ther necessities." *Id*. Based on Plaintiff's omissions concerning her monthly income and expenses, the Court denied Plaintiff's IFP Application on July 27, 2026. *See* Dkt. No. 28. In its July 27 Order, the Court noted that that it "lack[ed] the required information to conclude that payment of fees would cause Plaintiff an undue hardship." *Id.* at 3. The Court therefore ordered Plaintiff to "within **thirty (30) days** either (1) pay the full filing fee or (2) submit an amended Application to Proceed *in Forma Pauperis* that demonstrates that paying the filing fee would cause an undue financial hardship." *Id.* at 6 (emphasis in original). The Court also advised Plaintiff that her "failure to properly respond to this Order (either by paying the filing fee or submitting an amended IFP Application that demonstrates an inability to pay) will result in the Court recommending dismissal of the case under Federal Rules of Civil Procedure 16(f) and 41(b) for failure to follow a Court order and want of prosecution." *Id.*

In response to the Court's July 27 Order, Plaintiff filed an Emergency Objection, Rule 72(a) Motion to Vacate Magistrate Judge's Order, and Renewed Notice of Ultra Vires Magistrate Interference Warranting Article III Review. *See* Dkt. No. 29. In it, Plaintiff asserts many of the same arguments as urged in her prior Motion for Recusal. Plaintiff soon after filed an Emergency Motion to Stay, Dkt. No. 30, requesting that the Court stay the thirty-day deadline to file an amended IFP Application or pay the filing fee pending the District Judge's review of her objections, *see* Dkt. No. 29, to the Magistrate Judge's July 27 Order, *see* Dkt. No. 28.

The District Judge on August 28, 2026, *see* Dkt. No. 31 (Order), overruled Plaintiff's Objections, *see* Dkt. No. 29, and granted Plaintiff's Emergency Motion to Stay, *see* Dkt. No. 30. The August 28 Order ordered Plaintiff to either pay the filing fee or file a proper IFP Application "**no later than September 18, 2026**." Dkt. No. 31 at 6 (emphasis in original). The Court ordered

that on or before September 18, "**Plaintiff shall either pay the filing fee in this matter or file a properly supported application to proceed IFP, as she has repeatedly been ordered to do, or this case will be dismissed.**" *Id.* at 5 (emphasis in original). The Court warned Plaintiff that this would be her "**final** opportunity to either pay the filing fee in this matter or file a properly supported application to proceed IFP." *Id*. (emphasis in original). Plaintiff filed an amended IFP Application on September 4, 2026. *See* Dkt. No. 32. The Court addresses Plaintiff's amended IFP Application herein.

**IFP Application**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). The District Court also generally imposes an administrative fee of $55.00.[1] The Court, however, may waive the initial filing fee and costs where a plaintiff submits an affidavit indicating that he or she is unable to pay these fees and costs. *See* 28 U.S.C. § 1915(a)(1); *Hayes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (finding that 28 U.S.C. § 1915(a)(1) is intended to apply to both prisoners and non-prisoners).

When evaluating a request to proceed *in forma pauperis* ("IFP"), a court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Such an examination "entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* A district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable

[1] *See Fee Schedule*, W.D. TEX., https://www.txwd.uscourts.gov/court-information/fee-schedule/ (last visited Dec. 1, 2023).

to pay filing fees. *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (citations omitted).

**A. Plaintiff AGiza's Amended IFP Application Should be Denied.**

Recall that the Court, on July 27, 2026, denied Plaintiff's original IFP Application, Dkt. No. 13 at 7, based on Plaintiff's omissions concerning her monthly income and expenses. *See* Dkt. No. 28. Plaintiff's amended IFP Application, Dkt. No. 32, clarifies some of the omissions but nonetheless fails to show that imposition of the filing fee would cause Plaintiff undue financial hardship.

Plaintiff's amended IFP Application states that her monthly income includes Veterans Services-Connected Disability benefits that total $4,000.00. Dkt. No. 32 at 3. The amended IFP Application also states that she receives $1,840.00 monthly in child support that is held in a trust for "the sole care, maintenance, and support of minor dependents." *Id.* According to the amended IFP Application, Plaintiff indeed has one dependent, minor "K.F." *Id.* at 2. The amended IFP Application also states that Plaintiff has $0.00 in cash or in a checking or savings account. *Id.*

As an initial matter, an income of roughly $48,000.00 annually (considering only Plaintiff's disability benefits) is significantly above the federal poverty guideline for a household of one. *See* Annual Update of the HHS Poverty Guidelines, 91 F.R. 1797-01, 2026 WL 104480 (Jan. 15, 2026) (setting an annual income of $15,960 as the poverty threshold for a household of one in the 48 contiguous states and the District of Columbia). The Court also notes that Plaintiff receives an additional $22,080.00 annually in child support. *See* Dkt. No. 32 at 2, 3. Plaintiff contends that this latter total is managed exclusively by the Dalilah AGiza Estate Trust for the care of her minor dependent. *Id.* An annual income of $70,080.00 (considering both disability benefits and child-support payments) is well above the federal poverty guidelines for a household of two. *See* Annual Update of the HHS Poverty Guidelines, 91 F.R. 1797-01, 2026 WL 104480 (Jan. 15, 2026) (setting

an annual income of $21,640.00 as the poverty threshold for a household of two in the 48 contiguous states and the District of Columbia).

Moreover, many of Plaintiff's listed monthly expenses appear discretionary, excessive, or are otherwise ambiguous or confusing. As an initial matter, it is unclear if any expenses should be considered because according to Plaintiff "[a]ll basic household operational expenses (utilities, food, transportation, and medical care) are managed and paid directly on [her] behalf by the Dalila AGiza Estate Trust." Dkt. No. 32 at 2. Nonetheless, the Court out of an abundance of caution considers the expenses provided by Plaintiff. The amended Application lists monthly expenses for "Office/Legal Supplies $400.00 [and] $200.00/month for property lawn maintenance." *See* Dkt. No. 32 at 2 (formatting from original). These expenses appear discretionary rather than mandatory. *See Prows*, 842 F.2d at 140 (directing the Court to consider "whether the expenses are discretionary or mandatory"). The amended IFP Application also provides: "Transportation: List $1,500 - $2,000.Note: Required specialized transport and delivery services for essential food, appts, and medical supplies." Dkt. No. 32 at 2 (formatting from original). Plaintiff fails to provide sufficient detail or explanation to justify figuring this expense into the IFP calculation. *See Dobbins v. Kroger Co.*, No. 3:08-CV-1206-N, 2009 WL 186141, at *2 (N.D. Tex. Jan 23, 2009) (denying IFP application in part because certain expenses "appear[ed] excessive without further detailed explanations"). Plaintiff also lists an $800.00 monthly expense for "Food & Household." Dkt. No. 32 at 2. The Court has no way of determining whether this expense is discretionary because it is unclear what expenses are included in "Household." Indeed, many household related expenses are discretionary. *See e.g.*, *Berrios v. Cox*, No. EP-23-CV-00063-KC, 2025 WL 1146671, at *1 (W.D. Tex. Jan. 3, 2025) (treating housekeeping, annual memberships, and cable television as discretionary (collecting cases)); *see also Ramsey v. NFI Indus.*, No. 3:21-CV-03217-S-BH, 2022

WL 707234, at *1 (N.D. Tex. Feb. 18, 2022) (treating recreation and credit card expenses as discretionary). Further, there may be double-counting occurring here, as Plaintiff elsewhere contends that the dependent's household expenses are provided for by child-support payments.

Plaintiff's disability benefits are not excluded from consideration in determining IFP eligibility, as urged by Plaintiff. *See* Dkt. No. 32 at 3 (citing 38 U.S.C. § 5301(a)(1)). Section 5301(a)(1) protects certain federal benefit payments from "attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." 38 U.S.C. § 5301(a)(1). The Fifth Circuit has confirmed, however, that such funds are not excluded from consideration in an IFP Application. *See Hawes v. Stephens*, 964 F.3d 412, 417 (5th Cir. 2020) ("While Section 5301(a) does protect federal benefit payments from 'attachment, levy, or seizure,' nothing in the statute suggests (1) that recipients of benefits are exempt from statutory filing fee requirements; or (2) that assets acquired from VA benefits cannot be taken into account for purposes of determining whether a litigant is eligible for *in forma pauperis* status. *See* 38 U.S.C. § 5301(a)(1)").

In sum, the information provided by Plaintiff fails to show that imposition of the filing fee would cause undue financial hardship. Accordingly, Plaintiff's amended IFP Application, Dkt. No. 32, should be **DENIED**.

### B. Plaintiff's Case Should Be Dismissed for Failure to Comply With Court Orders and Failure to Comply with the Filing Fee Requirement.

Ultimately, the Court has given Plaintiff several chances to either pay the full filing fee or file an IFP application that demonstrates that imposition of the $405.00 filing fee would cause undue financial hardship. *See* Dkt. Nos. 9, 28, 31. And indeed the Court specifically warned that this was Plaintiff's "**final** opportunity to either pay the filing fee in this matter or file a *properly supported* application to proceed IFP." Dkt. No. 31. at 2, 5 (bold, underlined emphasis in original,

italics added). Plaintiff has failed to do so. Weary of wasting limited judicial resources going back and forth with Plaintiff repeatedly on the first and surely easiest step in federal civil litigation, and without further options to achieve compliance with Court orders, the Court has no other option but to recommend dismissal.

Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit[]." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citation omitted). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Under the circumstances, dismissal with prejudice is likely not warranted here, although reasonable minds could differ on this point. Nonetheless, the Court recommends that the District Judge dismiss this case without prejudice for failure to follow a court order, Fed. R. Civ. P. 16(f), and failure to comply with 28 U.S.C. § 1914(a)'s requirement that all parties instituting a suit in federal court pay the filing fee. If the lawsuit is re-filed without the benefit of a satisfactory IFP Application or payment of the filing fee, that subsequent lawsuit should be dismissed with prejudice.

**Conclusion and Recommendation**

For the reasons discussed above, it is recommended that the amended IFP Application, Dkt. No. 32, be **DENIED**, and that Plaintiff's case be **DISMISSED** without prejudice for failure to follow a court order, Fed. R. Civ. P. 16(f), and failure to comply with the filing-fee requirement, 28 U.S.C. § 1914(a).

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this Report and Recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this deadline is modified by the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the presiding District Judge's standing orders or other Court order. *See* W.D. Tex. Local Rule CV-7. The objecting party shall file the objections with the Clerk of the Court and serve the objections on all other parties.

A party is entitled to a *de novo* review by the District Judge of the findings and conclusions contained in this Report and Recommendation, only if specific objections are made. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the default time to file objections from 10 to 14 days). An objecting party must therefore specifically identify those findings, conclusions, or recommendations to which objections are made, as well as the basis for all such objections; the District Judge need not consider frivolous, conclusory, or general objections. *Id*. Failure to timely file written, specific objections to any proposed findings, conclusions, or recommendations contained in this Report and Recommendation will bar an aggrieved party from appellate review

of those factual findings and legal conclusions accepted by the District Judge, except on grounds of plain error, given that the party is here provided notice that such consequences will result from a failure to object. *See* 28 U.S.C. § 636(b)(1)(C); *Douglass*, 79 F.3d at 1417. Finally, facts or legal arguments raised for the first time in objections to a Magistrate Judge's findings, conclusions, and recommendations are "not properly before the district court." *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024) ("[The Fifth Circuit] considers arguments forfeited if they are not raised before a magistrate judge, even if they are subsequently raised before the reviewing district [judge] in objections to the magistrate judge's report and recommendation.").

**IT IS SO ORDERED**.

**SIGNED** this 19th day of October, 2026.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE