**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**DALILAH AGIZA, SUI JURIS,**

***Plaintiff*,**

**v.** **Case No. 5:25-CV-01239-JKP**

**CESAR GARCIA, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS JUDGE OF COUNTY COURT AT LAW NO. 10, ROBERT VASQUEZ, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS JUSTICE OF THE PEACE, PRECINCT 2, PLACE 1, CONSTABLES OF PRECINCT 2, BEXAR COUNTY, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES, MANUEL ESCOBAR, JR. IN HIS INDIVIDUAL AND PROFESSIONAL CAPACITY, JANET MOY, IN HER INDIVIDUAL CAPACITY, JIMMY MOY, IN HIS INDIVIDUAL CAPACITY, BEXAR COUNTY, TEXAS, A MUNICIPAL ENTITY, CLERKS OF COUNTY COURT 10, NAMES PRESENTLY UNKNOWN, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES,**

***Defendants*.**

# O R D E R

Before the Court is Magistrate Judge Richard B. Farrer's Report and Recommendation, (*ECF No. 34*), recommending Plaintiff Dalilah AGiza's ("AGiza") Amended Motion to Proceed *in Forma Pauperis*, (*ECF No. 32*), be denied and this case dismissed without prejudice. AGiza filed an Objection, (*ECF No. 35*). Upon consideration, the Court will accept Judge Farrer's Report and Recommendation, overrule AGiza's Objection, and dismiss this case without prejudice.

## BACKGROUND

AGiza filed a Complaint in this case on October 1, 2025. *ECF No. 1*. On February 19, 2026, the Court ordered AGiza to either pay the requisite filing fee or submit an application to proceed *in forma pauperis* ("IFP"). *ECF No. 9*. AGiza failed to do so and the Court dismissed this case without prejudice. *ECF No. 11*.

Thereafter, AGiza filed a Motion to Vacate and Reinstate Case, (*ECF No. 13*), which the Court granted. *ECF No. 15*. AGiza included therein an Application to Proceed IFP. *ECF No. 13* at 7. On July 27, 2026, Judge Farrer denied Plaintiff's Application to Proceed IFP, (*ECF No. 13*), because it "[didn't] specify the amount Plaintiff receives in Veteran Affairs benefits and child support, despite the Application's instruction that Plaintiff should 'state the amount . . . received' for any sources of income." *ECF No. 28* at 3.

AGiza filed an Objection to Judge Farrer's Order. *ECF No. 29*. Upon review, the Court agreed with Judge Farrer's conclusion, finding AGiza's Application to Proceed IFP, (*ECF No. 13*), contained no dollar amounts relating to the "VA disability compensation" and "Child support" AGiza claims to receive. *ECF No. 31*. In overruling AGiza's Objection, the Court instructed AGiza she would be given a **final** opportunity to either pay the filing fee in this matter or file a properly supported application to proceed IFP. *Id*. at 5.

On September 4, 2026, AGiza filed an Amended Motion to Proceed IFP. *ECF No. 32*. On October 19, 2026, Judge Farrer filed his Report and Recommendation, (*ECF No. 34*), recommending AGiza's Amended Motion to Proceed IFP, (*ECF No. 32*), be denied and this case dismissed without prejudice. AGiza filed an Objection, (*ECF No. 35*), requesting *de novo* review of Judge Farrer's recommendations.

## LEGAL STANDARD

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3). Any portions of the magistrate judge's findings or recommendations that were not objected to are reviewed for clear error. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and must state the basis for such objections. *Mayberry v. Davis,* 608 F.2d 1070, 1072 (5th Cir. 1979). "Frivolous, conclusive or general objections need not be considered by the district court." *Id.*; *Williams v. Lakeview Loan Servicing LLC*, 694 F.Supp.3d 874, 881 (S.D. Tex. 2023). A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. *Mayberry,* 608 F.2d at 1072; *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Similarly, an objection that does nothing more than state a disagreement with the magistrate judge's recommendation is not sufficient to present grounds for review. *Id.*; *Talbert v. Lynch*, No. 16-CV-00018, 2017 WL 11236935, at *4–5 (W.D. Tex. Feb. 17, 2017).

## DISCUSSION

When evaluating a request to proceed *in forma pauperis* ("IFP"), a court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Such an examination "entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* A district court exercises discretion in

determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (citations omitted).

AGiza's Amended Motion to Proceed IFP states her monthly income includes Veterans Services-Connected Disability benefits that total $4,000.00.[1] *ECF No. 32* at 3. In assessing a plaintiff's financial condition, courts "may look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden*, No. 6:22-CV-00626, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022) (collecting cases), *R. & R. adopted*, 2022 WL 18110176 (Oct. 18, 2022). An income of roughly $48,000.00 annually is significantly above the federal poverty guideline for a household of two, considering AGiza has one dependent, K.F. *See* Annual Update of the HHS Poverty Guidelines, 91 F.R. 1797-01, 2026 WL 104480 (Jan. 15, 2026) (setting an annual income of $21,640.00 as the poverty threshold for a household of two in the 48 contiguous states and the District of Columbia). AGiza also states she has "zero personal debt or individual financial obligations." *ECF No. 32* at 2. In her Objection, however, AGiza argues her disability payments should not be treated as "personal disposable income." *ECF No. 35* at 3.

AGiza cites 38 U.S.C. § 5301(a)(1) as a basis for excluding her disability benefits from consideration in determining IFP eligibility. *ECF No. 32* at 3. Section 5301(a)(1) protects certain federal benefit payments from "attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." 38 U.S.C. § 5301(a)(1). The Fifth Circuit has confirmed, however, such funds are not excluded from consideration in an IFP application. *See Hawes v. Stephens*, 964 F.3d 412, 417 (5th Cir. 2020) ("While Section 5301(a) does protect federal benefit payments from 'attachment, levy, or seizure,' nothing in the statute suggests (1) that recipients of benefits are exempt from statutory filing fee requirements; or (2)

[1] AGiza additionally states she receives $1,840.00 monthly in child support, although she reports this sum is "legally unavailable" for her personal filing fees or living expenses. *ECF No. 32* at 3

that assets acquired from VA benefits cannot be taken into account for purposes of determining whether a litigant is eligible for *in forma pauperis* status. *See* 38 U.S.C. § 5301(a)(1)").[2]

AGiza lists the following expenses: "Transportation" totaling $1,500–$2,000, "Food & Household" totaling $800.00, "Utilities" totaling $850.00, "Office/Legal Supplies" totaling $400.00, and "property lawn maintenance" totaling $200.00. *ECF No. 32* at 3. Without further detailed explanations, several of these expenses appear discretionary or excessive.[3] Any confusion or inconsistency in an IFP application weighs against granting the motion. *See Linwood v. Fin. Am., LLC*, No. 3:24-CV-01963, 2024 WL 3682299, at *1 (N.D. Tex. Aug. 6, 2024) ("[I]t is ultimately [Plaintiff's] burden to show that she is entitled to proceed IFP, and any confusion cuts against her application.").

AGiza links the transportation expenses to her service-connected disability. *ECF No. 35* at 4. The Court is understanding in this regard. However, AGiza attributes $800.00 to "Food & Household" and $850.00 to "Utilities" while simultaneously asserting "[a]ll child support funds received . . . are used for the direct care, housing, and maintenance of the minor dependent[.]" *ECF No. 32* at 2. Without further detailed explanations, the Court cannot decipher what amounts, if any, of the expenses attributed to "Food & Household" and "Utilities" overlap with expenses paid by the child support funds AGiza receives for AGiza's minor dependent, K.F.

Further, AGiza provides no legal authority for the argument put forth in her Objection that "Office/Legal Supplies" are not appropriately categorized as discretionary expenses. The Court therefore finds the IFP application should be denied.

---

[2] *See also Davis v. Tisdale*, No. 1:25-CV-00039, 2025 WL 1914400, at *3 (S.D. Miss. Apr. 3, 2025), *R. & R. adopted*, No. 1:25-CV-00039, 2025 WL 1779562 (S.D. Miss. June 27, 2025) (collecting cases).

[3] *Newton v. BBVA/PNC Bank*, No. 3:24-CV-00634, 2024 WL 3862795, at *1 (N.D. Tex. May 15, 2024) (collecting cases), *R. & R. adopted*, No. 3:24-CV-00634, 2024 WL 3869431 (N.D. Tex. Aug. 19, 2024); *see also Berrios v. Cox*, No. 3:23-CV-00063, 2025 WL 1146671, at *1 (W.D. Tex. Jan. 3, 2025).

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b). The Court provided AGiza several opportunities over the past year to either pay the full filing fee or file an IFP application demonstrating that imposition of the $405.00 filing fee would cause undue financial hardship. *See ECF Nos.* 9, 28, 31. Because AGiza has failed to do so in the thirteen months since filing her Complaint, the Court dismisses this matter without prejudice.

The Court declines to address AGiza's other arguments set forth in her Objection, such as her continued requests for Judge Farrer's recusal, as the Court deems these arguments frivolous and a waste of limited judicial resources.

**CONCLUSION**

Accordingly, the Court **ACCEPTS AND ADOPTS** the Report and Recommendation, (*ECF No. 34*), **OVERRULES** AGiza's Objection, (*ECF No. 35*), **DISMISSES** this case without prejudice, and **DIRECTS** the Clerk of Court to terminate this matter.

It is SO ORDERED.
SIGNED this 16th day of November, 2026.

Jason Pulliam

JASON PULLIAM
UNITED STATES DISTRICT JUDGE